UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CHET MORRISON OFFSHORE,                        CIVIL ACTION
L.L.C.

VERSUS                                         NO: 06-8282

TIMOTHY HEYDEN                                 SECTION: "R"(3)


                         **ORDER AND REASONS**

    Before the Court is defendant Timothy Heyden's motion to dismiss plaintiff's declaratory judgment action.  For the following reasons, the Court GRANTS defendant's motion.


I.   **BACKGROUND**

    On June 2, 2006, Timothy Heyden, an employee of Chet Morrison Offshore, L.L.C., allegedly sustained injuries while aboard the vessel M/V KIMBERLY CANDIES as a painter/rigger.  On October 17, 2006, Chet Morrison Offshore filed this action in federal court seeking a declaratory judgment as to its maintenance and cure obligations to Heyden.  Chet Morrison also seeks declaratory relief exonerating it from liability under the Jones Act, 46 U.S.C. § 688, and/or general maritime law.  On

December 22, 2006, Heyden filed a petition in state court under the Savings to Suitors Clause, 28 U.S.C. § 1333, and the Jones Act seeking damages and maintenance and cure benefits from Chet Morrison and International Boat Rentals, Inc., for the injuries allegedly sustained in the June 2, 2006 accident.  Heyden now moves the Court to dismiss the federal action.

## II.   DISCUSSION

Federal courts have great discretion to entertain, stay, or dismiss a declaratory judgment action.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995).  In exercising this discretion, the Court must balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine.  *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993).  Among the factors that are relevant to this consideration are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
>
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
>
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
>
> 4) whether possible inequities in allowing the

>declaratory plaintiff to gain precedence in time or to change forums exist,
>
>5) whether the federal court is a convenient forum for the parties and witnesses, and
>
>6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

See *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

First, the Court notes that there is a pending state court action in which each of the issues raised in this declaratory judgment action will be addressed.  (R. Doc. 6-3).  Second, the Court finds that Chet Morrison filed this federal action in anticipation that Heyden would file a lawsuit addressing the same issues in state court.  In this regard, Chet Morrison engaged in forum shopping and attempted to deprive Heyden, an injured seaman, of his ability to select a forum of his choice.  *See New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) ("The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum.").  Third, the record does not reflect that the federal forum is either more convenient or less convenient for either of the parties.  Fourth, and finally, the Court notes that retaining the lawsuit would *not* serve the

purpose of judicial economy.  To the contrary, the Court finds that it would be wasteful to litigate at the same time the same issues in two different courts, particularly when not all of the parties in the plaintiff's state court suit are present before the Court in this action.  Accordingly, the Court finds that, on balance, the factors articulated by the *Trejo* court point toward dismissal of the federal suit.

The Court's conclusion is in accord with the well-established practice that courts in this district dismiss preemptive declaratory judgment actions in maritime personal injury cases.  *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 195 (5th Cir. 1991); *Specialty Diving of Louisiana v.* Mahoney, 2006 WL 4101325, *3 (E.D. La. Jan. 31, 2006); *The Complaint of T. Baker Smith & Son, Inc.*, 1998 WL 151435, *5 (E.D. La. 1998); *Doucet & Adams, Inc. v. Hebert*, 1993 WL 8623, *2-3 (E.D. La. 1993); *Belle Passe Towing Corp. v. Cheramie*, 763 F. Supp. 1348 (E.D. La. 1991).  Upon balancing the factors articulated by the *Trejo* court, the Court sees no reason to depart from this longstanding practice.  The Court therefore grants defendant's motion to dismiss.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is

GRANTED.

      New Orleans, Louisiana, this <u>10th</u> day of May, 2007.

                       _____
                            SARAH S. VANCE
                    UNITED STATES DISTRICT COURT